UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT M. CORMACK,<br><br>Defendant. | Civil Action No. 24-8182 (MAS) (JTQ)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff Bezalel Grossberger's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 (ECF No. 8). Upon review of Plaintiff's IFP Application, the Court finds that Plaintiff has established indigence and grants the IFP Application. Having granted Plaintiff IFP status, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen his Complaint.

Section 1915(e)(2) requires the Court to screen Plaintiff's Complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure[1] 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pleadings filed by pro se plaintiffs liberally and holds them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a "person" acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 165-67 (3d Cir. 2013).

In the Complaint, Plaintiff alleges that Robert M. Cormack ("Defendant") extorted and harassed him in various forms for over a decade, seemingly stemming from a real estate deal. (*See* Compl., ECF No. 1.) Plaintiff further alleges that Defendant somehow interfered with federal and state judicial processes to deprive him and the federal government of property. (*See id.*) Based on

these allegations, Plaintiff filed suit against Defendant, alleging twelve counts, which includes both federal and state law claims. (*Id.* at *16-17.)[2]

Plaintiff asserts that this Court has federal question jurisdiction[3] because he alleges that Defendant violated numerous federal statutes: 18 U.S.C. §§ 241, 242, 1503, 1505, 1510, 1512, 1964(c), and 1956. (Compl. ¶¶ 6, 16-17.) At the outset, the Court notes that all of the federal statutes cited by Plaintiff are criminal statutes, which generally do not grant a private right of action. *Fleming v. Cape May County*, 475 F. App'x 811, 812 (3d Cir. 2012) ("Federal criminal statutes do not, by their mere presence, grant a private right of action for use in civil suits."). Indeed, only one of the criminal federal statutes asserted by Plaintiff creates a private right of action, 18 U.S.C. § 1964(c). *See Campbell v. Township of North Brunswick*, No. 24-1447, 2024 WL 4274349, at *2 (3d Cir. Sept. 24, 2024) (affirming district court's finding that 18 U.S.C. § 241 does not provide a private right of action); *Mikhail v. Kahn*, 572 F. App'x 68, 73 (3d Cir. 2014) (finding that 18 U.S.C. § 242 does not create a private right of action); *Wilson v. McKeesport Police Dep't*, 731 F. App'x 92, 93 (3d Cir. 2018) (affirming district court's finding that 18 U.S.C. § 1503 does not provide a private right of action); *Gage v. Wells Fargo Bank*, No. 12-777, 2013 WL 3443295, at *5 (D.N.J. July 9, 2013), *aff'd*, 555 F. App'x 148 (3d Cir. 2014) (finding that 18 U.S.C. §§ 1505 and 1510 "do not confer a private right of action"); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.), *aff'd*, 350 F. App'x 605 (3d Cir. 2009) (finding that 18 U.S.C. § 1512 does

---

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[3] In the Complaint, Plaintiff does not assert that diversity jurisdiction exists. (*See* Compl.) Further, Plaintiff's Civil Cover Sheet affixed to his Complaint indicates that Defendant is an Ocean County, New Jersey resident. (ECF No. 1-1.) Since the parties must be citizens of different states for diversity jurisdiction to exist, the Court finds that diversity jurisdiction does not exist. 28 U.S.C. § 1332(a) (explaining that a district court has diversity subject-matter jurisdiction to hear "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states").

not create a private right of action); *Karupaiyan v. Singh*, No. 21-3163, 2022 WL 6634603, at *1 (3d Cir. Mar. 1, 2022) (finding that 18 U.S.C. § 1956 does not create a private right of action).

The Court now turns to the sole federal statute asserted by Plaintiff that provides a private right of action, 18 U.S.C. § 1964(c), to determine whether he adequately stated a civil claim against Defendant. The Racketeer Influenced and Corrupt Organizations Act ("RICO") allows "[a]ny person injured in his business or property by reason of a violation of [§] 1962 of this chapter [to] sue therefor in any appropriate United States district court." 18 U.S.C. § 1964(c). To bring a federal civil RICO claim under 18 U.S.C. § 1962, a plaintiff must allege: "(1) the conducting of[;] (2) an enterprise[;] (3) through a pattern[;] (4) of racketeering activity." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 166, 173 (D.N.J. 1998). To establish a pattern of racketeering activity, a plaintiff must allege "at least two predicate acts of racketeering that occurred within ten years of each other." *Slimm v. Bank of Am. Corp.*, No. 12-5846, 2013 WL 1867035, at *20 (D.N.J. May 2, 2013). Racketeering activity is defined in § 1961(1)(B) as "any act which is indictable under" a number of enumerated federal laws; these federal offenses are called "predicate acts." *See* 18 U.S.C. § 1341; 18 U.S.C. § 1962(1)(B).

Here, Plaintiff, however, does not allege—and a liberal reading of his Complaint does not suggest—that Defendant violated § 1962, the civil RICO statute. (*See* Compl.) While Plaintiff alleges that Defendant formed an enterprise, Plaintiff makes no factual allegations from which this Court can construe the existence of any pattern of racketeering activity. (*See id.*) Plaintiff, therefore, fails to state a claim under § 1964(c) because he does not sufficiently allege that Defendant violated § 1962. As such, because all of Plaintiff's federal claims, except § 1964(c), do not grant a private right of action, and because Plaintiff's § 1964(c) claim lacks a sufficient factual basis, the Court dismisses all of Plaintiff's federal claims.

Having dismissed all federal claims, the only claims remaining in Plaintiff's Complaint are state law claims. Where all federal claims against a party have been dismissed from an action, "the district court may, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims." *Rothman v. City of Northfield*, 716 F. Supp. 2d 369, 373 (D.N.J. 2010) (quoting *Lentz v. Mason*, 961 F. Supp 709, 717 (D.N.J. 1997)). As the Court has dismissed Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c) (recognizing that "courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS, THEREFORE,** on this 24th day of April 2025, **ORDERED** as follows:

1. Plaintiff's IFP Application (ECF No. 8) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

    a. Plaintiff's federal claims asserted under 18 U.S.C. §§ 241, 242, 1503, 1505, 1510, 1512, and 1956 are **DISMISSED WITH PREJUDICE.**

    b. Plaintiff's federal claim asserted under 18 U.S.C. § 1964(c) is **DISMISSED WITHOUT PREJUDICE.**

    c. Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk of Court shall close this case.

4. Plaintiff shall have thirty (30) days from the issuance of this Memorandum Order to file an amended complaint.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE