**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BEZALEL GROSSBERGER, | |
| Plaintiff, | Civil Action No. 24-8182 (MAS) (JTQ) |
| v. | **MEMORANDUM ORDER** |
| ROBERT M. CORMACK, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Bezalel Grossberger's ("Plaintiff") Motion for Reconsideration (ECF No. 10) of this Court's April 24, 2025, Memorandum Order ("April 2025 Order")[1] (ECF No. 9). The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.[2] For the reasons stated below, the Court denies Plaintiff's Motion for Reconsideration.

In support of his Motion for Reconsideration, Plaintiff reiterates the allegations in his Complaint (*see* Compl. 6-7, ECF No. 1) that 18 U.S.C. § 1964(c) and N.J. Stat. Ann. § 2C:21-22a provide private causes of action for his claims (Mot. for Recons. 1-2, ECF No. 10). Plaintiff submits that because N.J. Stat. Ann. § 2C:21-22a provides a private cause of action, and because Plaintiff alleges that Defendant "pretends to be authorized to appear in Federal Court" when he is

---

[1] The Court's April 2025 Order granted Plaintiff's IFP application, screened and dismissed Plaintiff's Complaint, and provided Plaintiff thirty days to file an amended complaint. (*See generally* Mem. Order, ECF No. 9.) Plaintiff did not file an amended complaint. Plaintiff, rather, filed this Motion for Reconsideration.

[2] All references to "Rule" or "Rules" hereafter refer to the Local Civil Rules.

not, "[t]he Federal Court is directly injured," and "this private cause of action confers sufficient jurisdiction upon the . . . Court to proceed with the underlying [C]omplaint . . . , based on this count alone." (*Id.* at 3.)

Plaintiff makes five additional arguments in support of reconsideration: (1) the Complaint does not make claims based on criminal allegations, but merely cited them to prove the existence of racketeering activity; (2) the criminal allegations in the Complaint, when construed as true, are sufficient to support a claim of racketeering; (3) the allegations in the Complaint sufficiently allege that Defendant was a state actor for the purposes of liability under 42 U.S.C. § 1983; (4) the allegations in the Complaint properly assert a deprivation of "[p]roperty [r]ights" claim against Defendant because Defendant "prevent[ed] [Plaintiff] from accessing the court to protect those [r]ights[;]" and (5) Defendant deprived Plaintiff of "[]life and liberty[] through the court [] by issuing Orders to harass and defame him[, and through] threats of arrest followed by [a] warrant." (*Id.* at 2-3.) Plaintiff contends that these allegations amount to a *prima facie* claim under 42 U.S.C. § 1983. (*Id.* at 3.) Plaintiff further asserts that he has no recourse in state court, and that this Court must therefore "assume jurisdiction of the [s]tate claims." (*Id.*)

In the District of New Jersey, Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration under Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or fact to prevent manifest injustice. *Id.* It is not an opportunity to raise new matters or arguments that could have been raised before the original

decision was made. *See Bowers*, 130 F. Supp. 2d at 613. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits . . . reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Reconsideration is not warranted here. First, Plaintiff presents nothing to suggest that there has been an intervening change in controlling law. (*See generally* Mot. for Recons.) Second, Plaintiff presents nothing to suggest that there is new evidence that was not previously available. (*See generally id.*) Third, Plaintiff presents nothing to suggest that there is a need to correct a clear error of law or fact to prevent manifest injustice. (*See generally id.*) Plaintiff, instead, asks the Court to rethink what it has already thought through in its April 2025 Order. (*See generally* Mem. Order.) The Court is satisfied that it thoroughly addressed Plaintiff's 18 U.S.C. § 1964(c) and N.J. STAT. ANN. § 2C:21-22a claims in its April 2025 Order. (*See id.* at 4-5.)

The Court is also satisfied that it thoroughly addressed Plaintiff's 42 U.S.C. § 1983 claims in its April 2025 Order. (*See id.* at 2-4.) For the sake of completeness, however, the Court notes that Defendant is an attorney who was acting as private counsel, and therefore, Defendant does not qualify as a state actor for liability under 42 U.S.C. § 1983. *See Williams v. Dark*, 844 F. Supp. 210, 213 (E.D. Pa. 1993) (collecting cases) (noting that "[p]rivate attorneys acting on behalf of their clients are not state actors"); *Wright v. Loftus*, No. 09-1305, 2009 WL 4051244, at * 3 (M.D. Pa. Nov. 20, 2009) (dismissing plaintiff's 42 U.S.C. § 1983 claims because, *inter alia*, they were brought "against private actors working as attorneys in private firms"); *Smith v. Finckenauer*, No. 08-4839, 2008 WL 4890139, at *2 n.1 (D.N.J. Nov. 13, 2008) (stating that the defendant, "as an attorney, is not a state actor for purposes of [42 U.S.C. §] 1983"); *Mondelli v. Berkeley Heights*

*Police Dep't*, No. 14-6196, 2015 WL 12840948, at *5 (D.N.J. Dec. 21, 2015) (dismissing plaintiff's 42 U.S.C. § 1983 claims against attorney defendants because attorneys acting as private counsel "are simply not acting under color of state law"). Accordingly,

**IT IS**, on this *17th* day of October 2025, **ORDERED** as follows:

1.  The Clerk shall reopen this matter for consideration of Plaintiff's Motion for Reconsideration.

2.  Plaintiff's Motion for Reconsideration (ECF No. 10) is **DENIED.**

3.  The Clerk shall close this matter.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**